UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAELA OCHOA et al.,<br>Plaintiffs,<br>v.<br>HARVEST FARM, INC. et al.,<br>Defendants. | Case No. 2:26-cv-07320-SB-CTS<br><br>ORDER DENYING MOTION TO REMAND [DKT. NO. 18] |

Plaintiffs Micaela Ochoa and Rodney Sanders filed this employment action against Defendants Harvest Farms, Inc., Brandon Marvin, and Brett Nelson in Los Angeles County Superior Court, asserting California state-law claims. *Ochoa et al v. Harvest Farm, Inc. et al*, No. 23STCV30218 (Cal. Super.). During discovery, Defendants subpoenaed two nonparty employees of the U.S. Department of Agriculture, Gregory Welch and Timothy Drake, and moved to compel their testimony.

On July 6, 2026, the federal employees removed "the proceeding concerning the deposition subpoenas" under the federal officer removal statute. Dkt. No. 1; *see* 28 U.S.C. § 1442(a) (permitting the removal of a civil action against a federal agency or its officers). The state court issued an order vacating further hearings and deeming the case "complete," apparently due to its belief that the entire case had been removed. Dkt. No. 18-6.

On July 30, 2026, Plaintiffs moved to remand the action except for the subpoena-related proceeding. Dkt. No. 18. Defendants concede that there is no independent basis for federal jurisdiction over Plaintiffs' claims and that the case "will in all likelihood be returned to state court"; they argue only that the Court should exercise its discretion to retain the entire action—or defer ruling—until the pending motion to quash is resolved. Dkt. No. 19. The Court finds this matter suitable for decision without oral argument and therefore vacates the August 28, 2026 hearing.

The removal, as set forth in the notice of removal, was limited in accordance with the removal statute it invoked—it did not purport to remove the entire state case. *See* Dkt. No. 1. Indeed, section 1442(d)(1) provides that, where a federal employee removes a subpoena proceeding and "there is no other basis for removal, *only that proceeding* may be removed to the district court." 28 U.S.C. § 1442(d)(1) (emphasis added). It also appears undisputed there is no independent basis for federal jurisdiction over the remaining action, which involves state-law claims between California citizens. Dkt. No. 18-1 ¶¶ 5–7; Dkt. No. 18-8 ¶ 2. Thus, the only proceeding before this Court is the ancillary subpoena proceeding involving federal officers Welch and Drake.

Defendants identify no authority suggesting that the Court may—much less must—retain claims that were never removed and over which it concededly lacks subject-matter jurisdiction. *See Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1250 (9th Cir. 2017) (noting Congress's express "limitation on the content of the removed proceedings" and quoting § 1442(d)(1)'s requirement that, absent another basis for removal, "only that proceeding may be removed"); *Barker v. Boettcher*, 171 F.4th 985, 990–91 (7th Cir. 2026) (holding that the "limited removal" of a subpoena proceeding under § 1442(d)(1) "did not open the door to" a broader removal of the underlying action and that the district court did not err in remanding the underlying property dispute).

Accordingly, the Court clarifies that the only matter pending before this Court is the removed subpoena-related proceeding involving the federal employees, including their motion to quash. Dkt. No. 13. Because the rest of the action was never removed and remains within the jurisdiction of the Los Angeles County Superior Court in Case No. 23STCV30218, there is nothing further to remand. Plaintiffs' motion is therefore denied. The clerk's office is directed to update the docket as necessary to reflect this order and to send a copy of it to the Los Angeles County Superior Court, Case No. 23STCV30218.

Date: August 17, 2026

Stanley Blumenfeld, Jr.
United States District Judge